IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Vernon L. Blanding, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Civil Action No. 5:17-cv-03223-TMC |
| v. | ) |
| | ) **ORDER** |
| Department of Social Services,<br>DSS Caseworker, Pineridge Police<br>Department, Officer Parker,<br>CCS Correct Care Solutions, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action pursuant 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a Report and Recommendation ("Report") recommending that the district court dismiss the Complaint without prejudice because Plaintiff had failed to state a plausible claim for relief. (ECF. No. 11). Plaintiff filed objections to the Report. (ECF NO. 25). On April 12, 2018, the district court entered a text order notifying Plaintiff that his Complaint was subject to dismissal for failure to state a claim against the Defendants and allowing Plaintiff fourteen days to amend his Complaint in order to remedy the deficiencies. (ECF No. 28). The court warned Plaintiff that failure to cure the deficiencies in the Complaint may result in the dismissal of his case. This text order was mailed to Plaintiff at his last-known address. (ECF No. 29). However, on April 23, 2018, the order was returned to the court as "undeliverable." (ECF No. 30). Notably, Plaintiff had been previously advised by order filed January 2, 2018, of his responsibility to notify the court in writing if his

1

address changed. (ECF No. 9 at 2). The Plaintiff was warned that his case could be dismissed for failing to comply with that order. *Id.*

The court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) due to failure to comply with court orders. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Additionally, the "authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'" of the courts. *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). Plaintiff is personally responsible for his lack of compliance with the courts order. Furthermore, the court finds that less drastic sanctions would not be effective in this case. Accordingly, this case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 30, 2018

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.